778 So.2d 399 (2001)
Christine CLAVELOUX, Appellant,
v.
Joseph BACOTTI, Appellee.
No. 2D99-4186.
District Court of Appeal of Florida, Second District.
January 24, 2001.
Mark R. Thompson and W. Russell Snyder of W. Russell Snyder, P.A., Venice, for Appellant.
Gregory M. McCoskey of Glenn Rasmussen Fogarty & Hooker, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
Christine Claveloux challenges the order dismissing her lawsuit which charged that her cousin, Joseph Bacotti, intentionally interfered with her expectancy of an inheritance from her mother, Anna McGloin. Claveloux contends that the testator's incompetency and the familial context of this case differentiate it from the rationale of Whalen v. Prosser, 719 So.2d 2 (Fla. 2d DCA 1998). We disagree and affirm.
When reviewing the dismissal we assume the truth of the allegations in the complaint. Claveloux is the only child of McGloin and her late husband, Robert McGloin, who died in December, 1996. Shortly after McGloin's husband died, her physician found her to be incompetent. Claveloux alleged that Bacotti contacted his aunt during this period and began injecting himself into her life in order to assume control of her finances. Within two weeks after her husband's death, McGloin closed all of her bank accounts and deposited the funds into accounts owned jointly with Bacotti. When McGloin's own attorney refused to alter her estate planning documents, Bacotti arranged for another attorney to do so. About two weeks later, McGloin executed a new will and trust which made no provision for her daughter and, instead, devised all of her tangible personal property to Bacotti. The will devised the residue of McGloin's estate to a revocable trust that named Bacotti and the American Heart Association as equal beneficiaries. Prior to these estate planning changes, McGloin had named her husband as the primary *400 beneficiary and Claveloux as the secondary beneficiary of her estate, and she had joint bank accounts with her husband and daughter.
After McGloin altered her estate plan in favor of Bacotti, her condition continued to deteriorate. In mid-April 1997, the circuit court issued letters of emergency guardianship and it subsequently appointed Lutheran Ministries of Florida, Inc. as plenary guardian of McGloin's person and property. Her doctor holds little hope that her condition will improve.
Claveloux's lawsuit alleged that Bacotti intentionally and maliciously interfered with her expectancies by his misconduct in 1997, causing her pecuniary losses and mental pain and suffering. She claimed that he played an active role in procuring the new estate planning documents, and that the revisions in her mother's estate plan were the product of his influence. Bacotti moved to dismiss the complaint for failure to state a cause of action based on this court's decision in Whalen. The circuit court dismissed the action, and this appeal ensued.
The tort of intentional interference with an expectancy includes the following elements: (1) the existence of an expectancy; (2) intentional interference with the expectancy through tortious conduct; (3) causation; and (4) damages. See Whalen, 719 So.2d at 5. There is a tendency to prefer that inheritance disputes be resolved in proceedings after the testator's death, in part because this acts as a safeguard of the deceased testator's interests. See id. at 6. Aside from this court's decision in Carlton v. Carlton, 575 So.2d 239 (Fla. 2d DCA 1991), no state other than Maine has allowed this cause of action to be pursued prior to the testator's death. See Harmon v. Harmon, 404 A.2d 1020 (Me.1979).
In Whalen, this court examined the important policy reasons for the rule favoring resolution of such disputes in probate proceedings following the death of the testator. See also All Children's Hospital, Inc. v. Owens, 754 So.2d 802 (Fla. 2d DCA 2000). More important, however, was our recognition in Whalen that exceptions to the rule are limited to relatively rare circumstances in which post-death remedies are virtually certain to be inadequate. For example, in Carlton, the tortfeasor pre-deceased the testators; under the Probate Code the disappointed heirs were compelled to file a timely claim against the tortfeasor's estate or lose their remedy. See Carlton, 575 So.2d at 241.
Whalen referred to the fact that the plaintiffs in that case were not members of the testator's family, and that the testator remained competent. Claveloux points out that she is the daughter of an incompetent testator. But these factors do not in themselves render her probate remedies inadequate or ineffective. After her mother's death, Claveloux may challenge the will and the trust as the product of undue influence or fraud, see §§ 732.5165 and 737.206, Fla.Stat. (1999), and thereafter may seek additional remedies available in a tortious interference suit. See All Children's Hospital, 754 So.2d at 806-807.
We affirm without prejudice to Claveloux's right to assert her claims in the appropriate proceeding following her mother's death.
PARKER, A.C.J., and HAYES, HUGH D., Associate Judge, concur.