DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAREK HABAL,**
Appellant,

v.

**SUZANNE HABAL,** individually and
**SUZANNE HABAL** as Co-Trustee of the Salem M. Habal Trust,
dated December 11, 2007, and Restated March 15, 2011, and
**DR. FRANK HARATTA,** individually and
as Co-Trustee of the Salem M. Habal Trust, dated December 11, 2007,
and Restated March 15, 2011,
Appellees.

No. 4D19-1493

[September 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. PRC130004896.

Amy D. Shield and Roger Levine of Shield & Levine, Boca Raton, Robert C. Stone of Law Office of Robert C. Stone, Boca Raton, and Thomas H. Wright of Thomas Wright, P.A., Boca Raton, for appellant.

Eric J. Rayman of Eric J. Rayman, P.A., Fort Lauderdale, and Douglas F. Hoffman of Rudolf & Hoffman, P.A., Fort Lauderdale, for appellees.

SHEPHERD, CAROLINE, Associate Judge.

In this case, we hold that, pursuant to the plain language of section 736.0207, Florida Statutes (2019), a contingent remainderman who is not the settlor's guardian does not have standing to challenge the viability of an amendment to a revocable trust while the settlor still lives. Thus, we affirm the trial court's dismissal with prejudice of Tarek Habal's ("the son") second amended complaint against the trustees of his father's, Salem Habal's ("the settlor"), revocable trust.

The revocable trust was originally created when the settlor's first wife died after forty years of marriage. At that time, the son was a beneficiary of the revocable trust. The settlor remarried and later amended the revocable trust.

The son, as a potential beneficiary, filed a second amended complaint against the trustees, seeking (1) rescission or revocation of the amended revocable trust due to the trustees' undue influence and the settlor's incapacity, and (2) damages for the trustees' tortious inference with his testamentary expectancy.

The trial court dismissed the second amended complaint with prejudice, finding that pursuant to section 736.0207, Florida Statutes (2019), the son, as a potential beneficiary, could not commence an action to contest a revocable trust while the settlor was still alive.

On appeal, the son argues dismissal was improper because the settlor lacked the capacity to amend the trust, as supported by medical documents. In addition, the son argues exceptional circumstances exist to allow for a tortious interference claim.

Section 736.0207, Florida Statutes (2019), sets forth the parameters for a trust contest:

> (1) In an action to contest the validity or revocation of all or part of a trust, the contestant has the burden of establishing the grounds for invalidity.

> (2) An action to contest the validity or revocation of all or part of a trust, or the revocation of part of a revocable trust, *may not be commenced until the trust becomes irrevocable by its terms or by the settlor's death.* If all of a revocable trust has been revoked, an action to contest the revocation may not be commenced until after the settlor's death. *This section does not prohibit such actions by the guardian of the property of an incapacitated settlor.*

(emphasis added).

Therefore, a plain reading of section 736.0207(2) clearly requires a trust to become irrevocable "by its terms or by the settlor's death" before any action to contest the trust may commence, unless the settlor is incapacitated, in which event only the guardian may commence such an action. It is axiomatic that an unambiguous statutory text is ordinarily given effect according to the plain meaning of its terms. *See Greenfield v. Daniels*, 51 So. 3d 421, 425 (Fla. 2010) ("[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and

2

construction; the statute must be given its plain and obvious meaning.") (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla.1984)).

Both sides in this case acknowledge that the son is not the guardian of the settlor's property. Thus, the trial court properly dismissed the son's claims based on its finding that section 736.0207(2) barred the trust contest while the settlor was still alive, regardless of whether the settlor was incapacitated or not when he amended the revocable trust.

The trial court also correctly found that the son's exceptional circumstances argument for the tortious interference claim was without merit. *See Claveloux v. Bacotti*, 778 So. 2d 399, 400 (Fla. 2d DCA 2001) (testator's incompetence did not render daughter's probate remedies inadequate or ineffective in her tortious interference suit); *Whalen v. Prosser*, 719 So. 2d 2, 6 (Fla. 2d DCA 1998) ("[A]lthough the law recognizes interference with an expectation as an intentional tort between litigants other than the testator, there is a tendency to prefer that such inheritance disputes be resolved in post-death proceedings and to allow the tort only in circumstances in which no adequate, alternative remedy exists.").

*Affirmed.*

LEVINE, C.J., and KUNTZ, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3